10-1551-ag
Chen v. Holder

BIA
Mulligan, IJ
A089 252 717

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand eleven.

PRESENT:
  GUIDO CALABRESI,
  JOSÉ A. CABRANES,
  RICHARD C. WESLEY,
    *Circuit Judges.*

_____

Qi Hong Chen,
    *Petitioner,*

  v.                                    10-1551-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Farah Loftus, Century City, California.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Matthew B. George, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qi Hong Chen, a native and citizen of China, seeks review of a March 31, 2010, decision of the BIA affirming the September 18, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qi Hong Chen*, No. A089 252 717 (B.I.A. Mar. 31, 2010), *aff'g* No. A089 252 717 (Immig. Ct. N.Y. City Sept. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of

2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the IJ reasonably based his adverse credibility determination on Chen's demeanor, as well as the contradictions, inconsistencies, lack of detail, and long pauses in Chen's testimony.

During Chen's testimony, when asked by the IJ to describe his wife, such as her interests and hobbies, education level, and employment, Chen replied that she stayed at home, and had no interest or hobbies. When the IJ repeated the question, Chen answered with the date they got married. In response, the IJ asked that Chen describe the wedding, but Chen answered that he and his wife got married

3

because they wanted to have children, repeating that answer several times in response to the IJ's questions asking for more details about their wedding.

In addition to this non-responsive testimony, Chen also changed his testimony several times. He first testified that his wife became pregnant in August 2005, and went into hiding in February 2006. He then testified that she discovered her pregnancy and went into hiding the same day, which he variously testified was either in August 2006 or August 2005. He also testified that he was arrested in February 2005, but then changed the date to February 2006. With respect to his wife's departure from the hospital, he changed his testimony several times as to whether he was with her when she delivered the fetus. Finally, Chen testified that he left China on December 16, 2006, and arrived in the United States on December 23, 2006, but later changed the date to December 25, 2006.

These inconsistencies and lack of detail, on which the IJ relied, were proper grounds for his adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the adverse credibility determination is further supported by the IJ's demeanor finding, to which we give deference. *See*

4

*Dong Gao v. B.I.A.*, 482 F.3d 122, 126-27 (2d Cir. 2007); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Although Chen contends that the agency did not consider the documents he submitted to corroborate his claim, the IJ's acknowledgment of these documents was sufficient, as the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006)("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Given the inconsistencies, lack of detail and responsiveness, and the demeanor finding, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

As the only evidence of a threat to Chen's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination necessarily precludes success on the claim for withholding of removal or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk